The opinion of the Court was delivered by
Tilghman C. J.
The question depends on the 26th section of the act of the 28th March, 1814. It is not to express any opinion as to the allowance of the compensatory fees charged by the plaintiff for services performed fore the act; but assuming, that in certain cases such fees might be allowable before the act, we are to decide, whether they are taken away by that act. .To take away, by retrospect, what a man had earned under the existing law, seems, so contrary to justice, that a law shall never be so construed, unless the intention is clearly expressed. Now so far is the act of 1814, from clearly expressing such an intent, that in my opinion, the intent is plainly to the contrary. The words are these, (sect. 26,) “ If any officer whatsoever shall take greater or other fees than is herein-before expressed and limited, for any service to be done by him after the 1st day of September next, in his office, or if any officer shall charge or demand and take, any of the fees herein before-mentioned, where the *292 business for which such fees are chargeable, shall not have been actually done and performed, or if any officer shall charge or demand any fee, for any service or services other than those expressly provided for by this act, such officer s^a^ huffh and pay to the party injured $50, to be recovered as debts of the same amount are recoverable ; and if the Judges of any Court of this Commonwealth shall allow any officer, under any pretence whatever, any fees under the denomination of compensatory fees, for any services not specified in this act, or some other act of assembly, it shall be considered as a misdemeanour in his office.”
The object of this section is, to make an end of all compensatory fees for services performed after the 1st September, 1814; and for all such services, to confine the officers strictly to.the table of fees established by that act. When it is said, that the officers shall not take greater or other fees than are in the said act expressed, for services to be done, after the 1st September, 1814, it is plainly implied, that for services done before that day they may take such fees as were allowed by law at the time of the passing of the act. And in order to give sense and consistency to the whole section, these words, ‘■for services to be done after the 1st September, 1814,” are to be understood throughout. Any other construction would make monstrous absurdity. With regard to that part which relates to the Judges, for instance, it cannot be supposed, that they are not to allow those fees which the officer may lawfully charge. But to say, that the officer is to be governed by the new fee bill, only as far as respects services done after the 1st September, 1814, and yet that a Judge, in taxing the officer’s costs, must look only to that fee bill, (so far as respects compensatory fees,) for services performed before the 1st September, 1814, would be in effect, to permit the' officer to charge his fees by one law, and yet deprive him of those fees, by compelling the Judge to tax them by another law. This is too great injustice, and too great absurdity to impute, to the legislature, even if the words were doubtful. But they are plain enough. The charging of the fees by the officer, and the allowance by the Judge, must be referred to the same object, viz. fees for services performed, after the 1st September, 1814. The words, or some other act of assembly, towards the end of the section, are to be understood of other acts which should be thereafter made. With regard *293 to compensatory fees in general, the subject was considered by this Court, in the case of Irwin v. The Commissioners of Northumberland county. And it was our unanimous opinion, that the principle of charging fees for every service performer bit an officer^ whether mentioned in the legal table of fees or not. could not be supported. Some compensatory fees were sanctioned fay ancient usage, but there were many services for which the officers had been allowed nothing, and of this they ought not to complain, because they always had the option of avoiding the trouble by resignation of the office. I have thought proper to refer to this decision, in order that it may be laid before the Court of Common Pleas, when this case shall be tried again. I am of opinion, that the judgment should be reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.